BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CLEARVIEW AI, INC. CONSUMER PRIVACY LITIGATION | MDL No. 2967 |

**RESPONSE OF PLAINTIFFS JOHN, BALFANZ, JAIS, ARIAS, AND ALBRECHT TO CLEARVIEW DEFENDANTS' MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to Rule 6.1(c) of Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs Dean John, Ryan Balfanz, Benjamin Jais, Rosemary Arias, and Aimee Albrecht, the named plaintiffs in the action styled *John, et al. v. Clearview AI, Inc.*, No. 20-cv-03481 (S.D.N.Y.) (the "*John* Plaintiffs"), file this response to the motion to transfer filed by Clearview AI, Inc. ("Clearview"), Hoan Ton-That, and Richard Schwartz for consolidation and transfer pursuant to 28 U.S.C. § 1407. The *John* Plaintiffs agree that transfer to the Southern District of New York for coordinated or consolidated pretrial purposes would be appropriate because all of the pending actions concern the same common questions of fact, and while some allegations concern claims based upon the Illinois Biometric Privacy Act, there are now a growing number of non-Illinois residents pursuing non-Illinois state claims against Clearview, making the court where a majority of the parties, witnesses, and evidence are located most appropriate.

While the parties have discussed ways to pursue this litigation in a consolidated, efficient manner, such efforts have been unsuccessful. Indeed, Plaintiff David Mutnick, who filed his action in the Northern District of Illinois, previously tried to intervene in six consolidated class actions pending in the Southern District of New York (in which the *John* Action is one), seeking

1

to transfer them to Illinois. His motion was denied, partially because he only brought claims based upon the Illinois Biometric Information Privacy Act ("BIPA"), and he would have no standing to pursue claims based upon the California and Virginia state law claims of other plaintiffs' cases pending in the Southern District of New York. *See* May 29, 2020 Order, attached hereto as Exhibit A. Defendants then sought transfer of the pending actions in the Northern District of Illinois to the Southern District of New York, but that motion was denied because the pending Illinois actions only involved the privacy rights of Illinois residents. *See* Aug. 12, 2020 Order, attached hereto as Exhibit B. Beyond those motions, efforts to coordinate among counsel have been unsuccessful.

### A. Transfer of the pending actions is appropriate pursuant to 28 U.S.C. §1407(a)

The Panel may order transfer if the pending civil actions in different districts "involv[e] one or more common questions of fact" and transfer will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation (Fourth) § 20.131. Allowing the cases to proceed in separate jurisdictions would needlessly duplicate discovery and risk inconsistent rulings.

Centralization is appropriate because the pending cases all concern the same common questions of fact: that Defendants scraped billions of facial images off of the Internet, performed facial scans of those images, and created a biometric database allowing users of that database to immediately identify a member of the public merely by uploading a person's image to the database. The Defendants did this without notice or consent. *In re: Facebook Internet Tracking*

*Litig.*, 844 F. Supp. 2d 1374 (J.P.M.L. 2012) (centralizing actions that shared common allegations that defendant improperly tracked users' internet activity)*; In re Vizio, Inc., Consumer Privacy Litig.*, 176 F. Supp. 3d 1374, 1375-76 (J.P.M.L. 2016) (centralizing actions based upon allegations that defendant violated customers' privacy rights by installing certain software on televisions). That other actions may bring additional causes of action on behalf of additional class members, or fewer causes of action on behalf of smaller classes, does not caution against centralization. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 237 F. Supp. 2d 1377, 1379 (J.P.M.L. 2002) (to the extent non-common issues arise, transfer can have the "salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues. . . and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.").

      **B.**      **The Southern District of New York is the appropriate forum.**

As Chief Judge Colleen McMahon observed in her recent order, "New York is the primary focus of the disputes." Exhibit A at 15. Clearview is headquartered in New York, its employees work in New York, the servers hosting the data for Clearview's business are located in or close to New York, the images that Clearview scraped from the Internet are accessible in New York, and Clearview's President and Chief Executive Officer live in New York. *Id.* at 4. Meanwhile, there is no strong connection to any one jurisdiction for the plaintiffs: the pending actions seek to represent nationwide classes and state subclasses on behalf of individuals residing in California, Illinois, New York, and Virginia. Exhibit A at 4-6. Many of the pending actions have elected to litigate their cases in the Southern District of New York already in order to "avoid frolic-and-

detour litigation over personal jurisdiction and venue by suing Clearview and its principals in a place where they inarguably can be sued. . . suggestive of a strategy directed toward avoiding litigation over collateral issues and getting straight to the merits." *Id.* at 14.  Transfer of the pending actions to the Southern District of New York—where Clearview is headquartered and has the strongest connection—is not only appropriate, it is precedented.  *In re Lowe's Companies, Inc., Fair Labor Standards Act & Wage & Hour Litig.*, No. MDL 2947, 2020 WL 4670702, at *2 (J.P.M.L. Aug. 5, 2020) (transferring actions to the Western District of North Carolina because "the sole defendant in all actions, has its headquarters there, and thus relevant documents and witnesses likely will be located in this district."); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, 396 F. Supp. 3d 1374, 1375 (J.P.M.L. 2019) (transferring cases to the Northern District of California because "Defendant Headway Technologies, Inc., has its headquarters in this district, and third-party discovery is expected to take place from two hard disk drive manufacturers headquartered there."); *In re Capital One Customer Data Sec. Breach Litig.*, 396 F. Supp. 3d 1364, 1365 (J.P.M.L. 2019) (transferring actions to the Eastern District of Virginia because "Common defendant Capital One is headquartered within this district. . . and represents that relevant documents and witnesses will be found there. Moreover, the AWS defendants maintain that relevant witnesses and evidence are located in an AWS facility located in Northern Virginia.").

## CONCLUSION

For the reasons set forth herein, the *John* Plaintiffs respectfully request that the Panel grant the motion to transfer pursuant to §1407 and transfer the Related Actions to the Honorable Colleen McMahon of the Southern District of New York for coordinated pretrial proceedings.

Dated: September 8, 2020          Respectfully submitted,

           */s/ James J. Pizzirusso*
James J. Pizzirusso
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Tel.: 202-540-7200
Fax: 202-540-7201
jpizzirusso@hausfeld.com

David M. Berger
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94611
Tel.: 510-350-9713
dmb@classlawgroup.com

Amy E. Keller
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: 312-214-7900
akeller@dicellolevitt.com

*Counsel for Plaintiffs Dean John, Ryan Balfanz, Benjamin Jais, Rosemary Arias, and Aimee Albrecht*