BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: Clearview AI, Inc., Consumer Privacy Litigation

MDL Docket No. 2967

## MACY'S RETAIL HOLDINGS, INC.'S INTERESTED PARTY BRIEF IN RESPONSE TO CLEARVIEW DEFENDANTS' MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS FOR PRETRIAL PROCEEDINGS

Macy's Retail Holdings, Inc. ("Macys") files this Interested Party Response ("Response") in accordance with the United States Judicial Panel on Multidistrict Litigation Rule of Procedure 6.2(e), and as a party in the potential tag-along action of *Carmean v. Macy's Retail Holdings, Inc.*, Case No. 20-cv-4589 (N.D. Ill.) ("Carmean Litigation"). Macy's files this Response solely to address the Carmean Litigation, and in order to oppose any transfer or consolidation of the Carmean Litigation into any multi-district-litigation ("MDL") proceeding.[1] In support thereof, Macy's states as follows:

### FACTUAL BACKGROUND

By way of background, on August 5, 2020, plaintiff Isela Carmean filed a complaint against Macy's in the United States District Court for the Northern District of Illinois, which was assigned to the Honorable Marvin E. Aspen. Notably, Clearview AI, Inc. ("Clearview") was not named as a party in Ms. Carmean's complaint. Rather, Ms. Carmean brought five counts against Macy's: Counts I and II for alleged violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) ("BIPA"); Count III for Illinois common law Invasion of Privacy; and Counts IV and V under the Illinois Consumer Fraud and Unfair Business Practices Act (815 ILCS 505/1 *et seq.*) ("ICFA"). Macy's has a responsive pleading date of September 28, 2020, and intends to file on this date a motion to dismiss it believes is dispositive to one or more of Ms. Carmean's claims.

---

[1] Macys takes no position regarding any other case that is being considered for consolidation or transfer under the Clearview Defendants' Motion to Transfer.

27863566.2              1

Separately, before this Judicial Panel on Multidistrict Litigation ("JPML"), Clearview filed a motion on August 18, 2020, pursuant to 28 U.S.C. § 1407, to transfer a group of pending lawsuits against it (the "Clearview Lawsuits")[2] to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings.  Notably, the group of lawsuits that were the subject of Clearview's motion *did not include* the Carmean Litigation.  On September 5, 2020, Macy's received by email from Ms. Carmean's counsel a Notice of Potential Tag-Along Action/Related Action as it relates to this JPML docket.   Three days later, Ms. Carmean filed a response to Clearview's motion before this panel, wherein she included the Carmean Litigation amongst the potential actions that should be transferred or consolidated with the Clearview Lawsuits.  Ms. Carmean's position has forced Macy's to file this Response brief on short notice to address why the Carmean Litigation should remain where it currently is and not be consolidated into any MDL.

## ARGUMENT

Macy's opposes any attempt to transfer the Carmean Litigation into any MDL or consolidated docket.  Most of the issues in the Carmean Litigation are completely unrelated to the Clearview Lawsuits, and any consolidation of this litigation to an MDL (regardless of where it is located) would not serve any beneficial or economical purpose under 28 U.S.C. § 1407.  The Carmean Litigation is unrelated to the Clearview Lawsuits for several reasons, including: (1) party alignment; (2) relevant issues in the case; (3) categories of relevant discovery; and (4) procedural posture.  For all of these reasons, judicial economy disfavors transfer or consolidation here.

---

[2] The Clearview Lawsuits referenced in Clearview's motion to transfer are: *Broccolino v. Clearview AI, Inc*., 20-cv-2222 (S.D.N.Y.); *Burke v. Clearview AI, Inc*., 20-cv-3104 (S.D.N.Y.); *Calderon v. Clearview AI, Inc*., 20-cv-1296 (S.D.N.Y.); *Hall v. Clearview AI, Inc*., 20-cv-846 (N.D. Ill.); *John v. Clearview AI, Inc*., 20-cv-3481 (S.D.N.Y.); *Marron v. Clearview AI, Inc*., 20-cv-2989 (N.D. Ill.); *McPherson v. Clearview AI, Inc*. (S.D.N.Y.); *Mutnick v. Clearview AI, Inc*., 20-cv-512 (N.D. Ill.); *Roberson v. Clearview AI, Inc*., 20-cv-3705 (S.D.N.Y.); *Thornley v. Clearview AI, Inc*., 20-cv-3843 (N.D. Ill.).

As to party alignment, the Carmean Litigation differs from that of the Clearview Lawsuits. Clearview is not a named party in the Carmean Litigation. Rather, the Carmean Complaint focuses its claims and allegations on Macy's, not Clearview. Conversely, the Clearview Lawsuits focus on Clearview and its principals, which are the sole defendants in most of these cases. These cases are missing any other corporate defendants that were alleged to have contracted with Clearview for the use of its products. This key difference in party alignment is not without significance. Whether or not Clearview has violated BIPA has little bearing on whether Macy's independently has violated the same. *See* BIPA, 740 ILCS 14/15(b) (discussing standards for entities that *collect* a person's biometric information). Put another way, in the Carmean Litigation, Ms. Carmean has a significant uphill burden of showing that Macys directly collected consumer biometric information in violation of BIPA, regardless of whatever actions Clearview has taken. This focus on Macys' activities, not those of Clearview, will render the individualized discovery and proofs in the Carmean Litigation to be very different than that of the Clearview Lawsuits. And, issues concerning potential class size in the Carmean Litigation, or whether a class action is even appropriate under Federal Rule of Civil Procedure 23, will differ from that of the Clearview Lawsuits.

Simply put, consolidation or transfer of the Carmean Litigation will not facilitate the resolution of the Clearview Lawsuits. To the contrary, it will add a layer of discovery to them that is unrelated to any of their cases. *See In re United Collection Bureau, Inc.,* 273 F. Supp. 3d 1364, 1364-65 (J.P.M.L. 2017) (refusing to consolidate certain TCPA actions, where certain factual issues, while appearing to be common, actually created individualized discovery and nuances that rendered centralization inefficient); *See In re CP4 Fuel Pump Marketing Sales Practices and Products Liability Litig.,* 412 F. Supp. 3d 1365, 1367 (J.P.M.L. 2019) (same). This is further exacerbated by the fact that, unlike nearly all of the Clearview Lawsuits, the Carmean Litigation is not solely a BIPA lawsuit. Rather, Ms. Carmean has alleged that Macy's violated Illinois common law privacy rights and also ICFA. These theories of liability are not common to the Clearview Lawsuits, and should be

addressed in the context of the specific allegations in the Carmean Complaint, not a consolidated docket.

Furthermore, the Carmean Litigation is in a different phase of litigation than the procedural postures of the Clearview Lawsuits. In the Carmean Litigation, under the most recent scheduling order, Macys is due to file its responsive pleading in two weeks. Any transfer or consolidation to an MDL would create unnecessary delay regarding Macys' potentially dispositive pleadings arguments, which likely will be fully-briefed and adjudicated by Judge Aspen in the coming months. *See In re United,* 273 F. Supp. 3d at 1365 (refusing to consolidate cases that were in different procedural postures).

Finally, the plaintiff's counsel in the Carmean Litigation is also the same attorney for one of the Clearview Lawsuits: *Hall v. Clearview AI, Inc.,* No. 20-cv-00846. This fact also cuts against the need to consolidate the Carmean Litigation, because it ensures that to the extent there is overlap with an issue in the Clearview Lawsuits MDL, Ms. Carmean's counsel will be fully-apprised of the overlap and more than capable of communicating with Clearview regarding any needed discovery for the Carmean Litigation. *See In re CP4,* 412 F. Supp. 3d at 1367 (denying a motion for centralization where the "presence of the same plaintiffs' counsel. . . . suggest[s] that cooperation and informal coordination by the involved courts and counsel are practicable, and should be effective in minimizing or eliminating duplicative pretrial proceedings"); *In re Healthextras Ins. Marketing & Sales Practices Litig.,* 24 F. Supp. 3d 1376, 1377 (J.P.M.L. 2014) (denying motion to centralize cases and noting that informal coordination was already practicable given that the same plaintiff firms represented the cases in question).

## CONCLUSION

For these reasons, Interested Party Macy's Retail Holdings, Inc. seeks that this Court refrain from transferring or consolidating the Carmean Litigation, and for any other relief that this Court deems proper.

Dated: September 15, 2020

Respectfully submitted,

/s/ Daniel R. Saeedi
Daniel R. Saeedi (ARDC #6296493)
dsaeedi@taftlaw.com
Rachael L. Schaller (ARDC #6306921)
rschaller@taftlaw.com
Andrew S. Murphy (ARDC #6328808)
amurphy@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 28th Floor
Chicago, IL 60601
Telephone: (312) 527-4000
Fax: (312) 754-2373

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: Clearview AI, Inc., Consumer Privacy Litigation

MDL Docket No. 2967

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify a copy of the Interested Party Brief in Response to the Motion of the Clearview Defendants for Transfer of Actions, as set forth on the attached service list.

Dated: September 15, 2020

Respectfully submitted,

/s/ Daniel R. Saeedi

Daniel R. Saeedi (ARDC #6296493)
dsaeedi@taftlaw.com
Rachael L. Schaller (ARDC #6306921)
rschaller@taftlaw.com
Andrew S. Murphy (ARDC #6328808)
amurphy@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 28th Floor
Chicago, IL 60601
Telephone: (312) 527-4000
Fax: (312) 754-2373