# EXHIBIT 1

K995calC                         teleconference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MARIO CALDERON, *et al.*,

         Plaintiffs,               New York, N.Y.

    v.                           20 Civ. 1296 (CM)
                                         (and related cases)
CLEARVIEW AI, INC., *et al.*,

         Defendants.

------------------------------x

                                   September 9, 2020
                                   10:35 a.m.

Before:

              HON. COLLEEN MCMAHON,

                             District Judge

1                         APPEARANCES

2

3    BURSOR & FISHER, P.A.
          Attorneys for 20 Civ. 1296 Plaintiffs
4    BY:  JOSHUA D. ARISOHN

5    THE GRANT LAW FIRM
          Attorneys for 20 CIV. 2222 Plaintiff
6    BY:  LINDA GRANT

7    WEBSTER BOOK
          Attorneys for 20 Civ. 3705 Plaintiff
8    BY:  STEVEN WEBSTER

9    SCOTT & SCOTT, LLP
          Attorneys for 20 Civ. 3104 Plaintiffs
10   BY:  JOSEPH GUGLIELMO

11   HAUSFELD, LLP (DC)
          Attorneys for 20 Civ. 3481 Plaintiffs
12   BY:  JAMES PIZZIRUSSO

13   CAHILL GORDON & REINDEL, LLP
          Attorneys for Defendant Clearview in all cases
14   BY:  FLOYD ABRAMS

15

16

17

18

19

20

21

22

23

24

25

```
     K995calC                     teleconference
```

1               (Case called)
2               THE COURT:  Okay.  So, good morning, everyone.  We are
3    conferencing the various Cleaview AI case in the Southern
4    District of New York and I have a court reporter on, thank you.
5               Are you there, my dear?  Are you there?
6               OFFICIAL REPORTER:  Good morning, your Honor.  It is
7    Pamela Utter.
8               THE COURT:  Hey, Pamela.  How are you?
9               OFFICIAL REPORTER:  I am well, thank you.  And
10   yourself?
11              THE COURT:  I am doing great.  Thanks for being with
12   us.
13              I have six cases.  Can I get an appearance from one
14   lawyer on each case?
15              MR. ABRAMS:  Your Honor, this is Floyd Abrams for
16   Clearview.
17              THE COURT:  Thank you.  On all the cases, Mr. Abrams,
18   I assume?
19              MR. ABRAMS:  Yes, your Honor.
20              THE COURT:  On the Calderon case?
21              MR. ARISOHN:  Good morning, your Honor.  This is Josh
22   Arisohn from Bursor & Fisher for the Calderon plaintiffs.
23              THE COURT:  And Broccolino?
24              MS. GRANT:  Yes, Broccolino, your Honor.  Linda Grant
25   from The Grant Law firm for plaintiff.

1           THE COURT:  McPherson?

2           MR. GUGLIELMO:  Joseph Guglielmo from Scott & Scott

3  appearing on behalf of the Burke plaintiffs.

4           THE COURT:  Okay.  Great.

5           And John?

6           MR. PIZZIRUSSO:  Good morning, your Honor.  James

7  Pizzirusso from Hausfeld for the John plaintiffs.

8           THE COURT:  Okay.

9           And in Roberson?

10          MR. WEBSTER:  Good morning, your Honor.  Steven

11 Webster for Ms. Roberson, and I would note for the Court that

12 my *pro hac vice* has not been granted yet but the clerk has

13 accepted it.

14          THE COURT:  Then trust me, it will be granted.  It is

15 in the queue.

16          MR. WEBSTER:  Thank you, your Honor.

17          THE COURT:  Terrific.

18          All right.  So, bring me up to date on what's going on

19 with the MDL and what is or is not going on in Illinois now

20 that Virginia has punted.

21          MR. ABRAMS:  This is Floyd Abrams, your Honor.

22          Yesterday all the parties filed responses to the

23 request for Clearview to do the multi-district panel.  All the

24 parties agree -- all the parties before you and all the parties

25 in the Northern District of Illinois agree that pretrial

1   proceedings should be had in only one district; either before
2   you or Judge Coleman in the Northern District of Illinois.  The
3   parties disagree on which district that ought to occur in.
4               THE COURT:  I will bet you do.
5               MR. ABRAMS:  So, just to start this off, our view is
6   that in light of that, any of the procedures that might
7   otherwise have seemed attractive like getting the plaintiffs to
8   file a consolidated complaint, or the like, is premature
9   because -- at least it seems to us -- that you are very likely
10  to wind up with either 10 cases or none and that, in both
11  cases, proceeding at this point before multi-district panel
12  rules would not be useful.  So, our view is you ought to issue
13  a stay until they do decide and then move on from there.
14              THE COURT:  And what has the Judge done in Chicago?
15              MR. ABRAMS:  I'm going to pass to one of the -- I'm
16  sorry.  At this moment she has issued a stay of proceedings.
17              THE COURT: Okay.  Well, you know, yes, it is fine.  I
18  can do that.  I was actually out of the office -- finally --
19  when -- the only person who is not out of the office while
20  everybody else was out of the office, so I was out of the
21  office when I heard that this had gone to the MDL panel.  I
22  kind of heard through the grapevine, I was not otherwise
23  notified.  But it is going to go somewhere and I don't want to
24  fight with the Judge in Chicago and I am sure she doesn't want
25  to fight with me so you sent it to a neutral arbitrator.  Does

K995calC                    teleconference

1   anybody have any idea how long it is likely for the MDL panel
2   to take?  You have a hearing, what, at the end of the month?
3             MR. ABRAMS:  There is no hearing scheduled for us,
4   your Honor.  The next hearing after one which is occurring in
5   September but we are not on that panel, the next hearing is
6   scheduled for December 3rd.  Of course, the panel is free to
7   rule without oral argument even though they usually do when
8   there is disagreement.
9             THE COURT:  I know.
10            All I can say is that that would be an unfortunate
11  amount of delay given the allegations in the complaint and the
12  issue that's before us and the privacy interests that are being
13  implicated in the passage of time.  There is not much I can do
14  to boost the MDL panel.  I don't know, maybe they'll all decide
15  it should go to Chicago or maybe they'll all decide it should
16  come here and they can rule early.  I hope they do that.  But,
17  it's good for me to know that I can't necessarily expect a
18  ruling from them until the end of the year.
19            I will tell you this, folks.  If it comes here, it
20  will move quickly.  If it comes here it will move quickly,
21  especially given the amount of delay.  I don't know in whose
22  interest that might lie and I am relatively certain that my
23  colleague in Chicago feels much the same way as I do, but we
24  will move the cases as they end up here.
25            So, does anybody want to be heard from any of the

1   plaintiffs?
2           MR. PIZZIRUSSO:  Your Honor, this is Judge Pizzirusso
3   for the John plaintiffs.
4           During this -- sorry, your Honor.
5           THE COURT:  Hi, Mr. Pizzirusso.
6           MR. PIZZIRUSSO:  Good morning.
7           During this period of stay it doesn't mean that the
8   parties can't be doing anything.  If the cases get consolidated
9   to Illinois, for example, we will still be needing to negotiate
10  protective orders to discuss the other preliminary things that
11  could be happening.
12          THE COURT:  I will assure you if the case gets sent to
13  New York you could be doing exactly the same thing.
14          MR. PIZZIRUSSO:  Exactly.  That's my point, your
15  Honor.
16          THE COURT:  You could be drafting a consolidated
17  amended complaint because -- and I said this about moving the
18  case only so that you will know that if it comes to New York on
19  December the 10th, you will not be handing me a stipulation
20  that says you have until February the 15th to file a
21  consolidated amended complaint and until May 1st to make a
22  motion to dismiss.  We are going to move the case.  So, if I
23  were you all, I would not waste the stay time.  All the stay
24  time really means is both the Judge in Chicago and I are going
25  to stay our hands and to not enter any orders or rulings.  But,

1  you might not like the orders you get if you waste the next two
2  or three months.  And, I do hope that the panel will move more
3  quickly than that.  I really do.
4          I couldn't agree with you more, so negotiate whatever
5  you have to negotiate, and the plaintiffs in the 10 cases
6  should be in communication with each other.  We have got some
7  Illinois proposed classes, we have got some nationwide proposed
8  classes.  I think we have a few of-the-state statutes that are
9  involved as well.  I am pretty accustomed to dealing with these
10 kinds of interstate different statutes and conduct cases and I
11 just don't want it to get bogged down so I wanted to let you
12 know that.
13         Okay?  Anything else from anybody?
14         MR. ARISOHN:  Your Honor, this is Josh Arisohn from
15 Bursor & Fisher for the Calderon plaintiffs.
16         Just a quick housekeeping item.  In the docket in
17 Calderon there is an entry for another status conference on
18 September 16th at 11:00 a.m.
19         THE COURT:  There is not.  There is not such a
20 conference.  There is no such conference.
21         MR. ARISOHN:  I just wanted to confirm that.
22         THE COURT:  There is not such a conference.  Do not
23 worry.  Not that I wouldn't like to talk to you on the 16th but
24 there is no conference.
25         MR. ARISOHN:  Understood.

K995calC                         teleconference

1              THE COURT:  Anybody else?  Anything?
2              Okay.  Well, I will wait to hear from you and hope
3     that I hear that you are staying here, and if you are not
4     staying here I will say good-bye with reluctance but with
5     understanding.
6              Okay.  Bye-bye.
7                                o0o